UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                                                      :

VICTOR PEREZ,                                                  :

                           Petitioner,                 :

                                                             :          04 Civ. 2966 (GEL)

                    -v-                                    :

                                                             :          **OPINION AND ORDER**

WILLIAM PHILLIPS,                                :

                           Respondent.               :

------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Victor Perez, a New York State prisoner, petitions for a writ of habeas corpus to challenge his conviction, and sentence of fifteen years to life imprisonment, for possession of a kilogram of cocaine. From its filing on April 19, 2004, the petition was originally assigned to another judge of this Court, but was not acted on. It was reassigned to the undersigned judge on October 16, 2006, and the Court promptly directed a response, which has now been received. The petition will be denied.

      The case against Perez was simple. Police officers testified that they were engaged in surveillance at a particular location, looking for a man whose description Perez generally fit. When Perez came into view, the officers followed him. One officer described Perez's furtive movements, and testified that he observed a rectangular package in Perez's waistband. When the officer got out of his car and identified himself, Perez fled. The officer gave chase, and observed Perez remove the package from his waist and throw it to the ground. The officer apprehended Perez and recovered the package, which was later found to contain approximately a kilogram of cocaine.

Perez argues that his right to confrontation was violated and that he "was not afforded a full and fair hearing in the state court proceeding." (Pet. at 4.)  A somewhat cryptic memorandum attachment to the petition further specifies petitioner's claim that he did not receive a full and fair hearing because "the trial court refused to allow an alle[]ged confidential informant to appear before petitioner." (Pet. Mem. at 1.)

Putting to one side the state's claim that these arguments were not exhausted because Perez failed to present them in his application for leave to appeal to the Court of Appeals, they are without merit.  Petitioner's objection appears to be that the state should have produced a confidential informant whose tip, according to police testimony at a pre-trial suppression hearing, had alerted police to the likelihood that a man fitting Perez's description would be purchasing narcotics at the location in question, and thus occasioned the surveillance noted above.

To the extent that Perez's objection is to the denial of his suppression motion, it is not cognizable on habeas corpus, so long as the state has accorded defendants with a full and fair opportunity to raise their Fourth Amendment claims.  Stone v. Powell, 428 U.S. 465, 494 (1976).  "[R]eview of fourth amendment claims in habeas petitions [will] be undertaken in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67 (2d Cir. 1992).  Clearly, New York provided Perez with corrective procedures; the "federal courts have approved New York's procedure for litigating Fourth Amendment claims . . . as being facially adequate." Holmes v.

Scully, 706 F. Supp. 195, 201 (E.D.N.Y. 1989); see Gates v. Henderson, 568 F.2d 830, 837 (2d Cir. 1977).

Nor was there an "unconscionable breakdown" or any departure from fairness at Perez's hearing.  The Supreme Court has held that a defendant's confrontation rights are not violated by the prosecution's refusal to produce or identify a confidential informant at a pretrial hearing, McCray v. Illinois, 386 U.S. 300, 311-14 (1967), and has recognized a privilege to withhold the identity of such an informant unless "the disclosure of an informer's identity, or the contents of his comunication, is relevant and helpful to the defense of an accused."  Roviaro v. United States, 353 U.S. 53, 60-61 (1957).  New York has provided a procedure for addressing the use of confidential informant information for determining questions of probable cause.  See People v. Darden, 34 N.Y.2d 177, 181-82 (1974).  That procedure was applied here.  The determination of the Appellate Division that the informant was unavailable despite diligent good faith efforts to locate him, People v. Perez, 755 N.Y.S.2d 23, 24 (1st Dept. 2003), was entirely reasonable.  Nor did any aspect of the Appellate Division's conclusion that the conduct of the suppression hearing was proper, id. at 24-25, represent an unreasonable application of Supreme Court precedent.

To the extent that Perez claims that his confrontation rights were denied at trial, his contention is entirely frivolous.  The Confrontation Clause guarantees defendants the right to confront and cross-examine the witnesses against them, including the right to exclude testimonial statements admitted into evidence from absent declarants.  Crawford v. Washington, 541 U.S. 36, 69-69 (2004).  Here, however, no statement of the confidential informant was admitted into evidence on the prosecution's case.  The prosecution based its case entirely on the first-hand testimony of police witnesses, principally the officer who personally observed Perez in

possession of the package and recovered it after Perez tossed it aside, and the police chemist who tested the content of the package and determined it to be cocaine. The only hearsay testimony by any officer was a statement by a secondary police witness that he had been "advised that [petitioner] had a kilo of cocaine on him." (Tr. 237.) But this statement was made in response to a cross-examination question by defense counsel, and was stricken by the trial judge, who instructed the jury to disregard it (Tr. 296), as he did with respect to a related comment made on redirect examination. (Tr. 248.) Neither comment mentioned the informant; the witness's testimony appeared to relate to information he had received from another officer. The existence and identity of the informant, and the information he provided, were in fact deliberately and extensively detailed by the defense, which called the informant's contact officer in an apparent effort to cast doubt on the police version of the events in question. (Tr. 298-312.) The Appellate Division's conclusion that "[n]othing in the evidence adduced at trial violated defendant's right of confrontation," 755 N.Y.S.2d at 25, was not merely a reasonable application of Supreme Court precedent, but an entirely correct conclusion of law.

Accordingly, petitioner's claims are without merit and the petition is denied. As he has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-13 (2d Cir. 2000).

SO ORDERED:

Dated: New York, New York
November 28, 2006

_____
GERARD E. LYNCH
United States District Judge